UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC A. EARLE, CDCR #AV4118,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, Warden, STATE OF CALIFORNIA,<br><br>　　　　　　　　Defendants. | Case No.: 3:23-cv-0659-BTM-JLB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.　INTRODUCTION

Eric A. Earle ("Plaintiff" of "Earle"), a state inmate currently housed at R.J. Donovan Correctional Facility ("RJD") and proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. He alleges Defendants violated his Fourteenth and Eighth Amendment rights after he was injured during transportation to a medical facility, when his wheelchair was not properly secured. *See generally*, ECF No. 1. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice and with leave to amend.

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff provided a copy of his trust account statement. ECF No. 3. During the six months prior to filing suit, Plaintiff had an average monthly balance of $104.17, average monthly deposits of $104.16, and an available account balance of $0.00 at the time he filed suit. *Id*. at 1, 3. The Court finds Plaintiff has established an inability to pay the required $350 filing fee and **GRANTS** his IFP motion. While the Court assesses no initial payment, Plaintiff will be required to pay the full $350 filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

#### B. Plaintiff's Allegations

In his Complaint, Earle states that on September 6, 2022, he was being transported to an outside medical facility. ECF No. 1 at 5. Earle, who uses a wheelchair, told staff that

his wheelchair was not properly secured in the van, but staff did not respond. *Id.* When the transportation van began its return trip to RJD, Earle's wheelchair, which was not "strapped down," "flipped over" and his left hand was "crushed" as a result. *Id.* at 6. After the incident, Earle was not taken to the hospital to have his hand evaluated. *Id.*

Earle subsequently filed an administrative grievance, "hoping [Warden] Madden would investigate the transportation procedures" but Madden "would not respond to his grievance or injury" and the grievance was ultimately denied. *Id.* Earle alleges Madden "conspired, contrived and manufactured false evidence against him" as part of a "cover-up." *Id.* He states that, as warden, Madden "was responsible for [his] safety." *Id.* at 7. Earle contends the failure to investigate the transportation policies or discipline staff "encouraged transportation violations by recklessly ignoring wheelchair equipment in transportation vans, causing injuries to wheelchair bound inmates." *Id.* He seeks $25,000 in compensatory damages and $50,000 in punitive damages. *Id.* at 12.

### C. Discussion

Plaintiff contends his Eighth and Fourteenth Amendment rights were violated when Defendants failed to adequately respond to his grievances and failed to adequately review the conduct of RJD staff during the September 9, 2022 incident. *Id.* at 11.

#### 1. State of California

Earle names the "State of California" as a defendant. *Id.* at 5. The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal citations omitted). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Accordingly, the Court *sua sponte* dismisses the State of California as a party to this action pursuant to

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as barred by the Eleventh Amendment. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

    2.  *Warden Madden*

Next, Earle sues RJD Warden Madden in both his official and individual capacities, for violations of the Eighth and Fourteenth Amendments. *See* ECF No. 1 at 4. As to Plaintiff's official capacity claims against Madden, federal courts are "barred by the Eleventh Amendment from awarding damages against state officials acting in their official capacities." *Snow v. McDaniel*, 681 F.3d 978, 991 (9th Cir. 2012). Therefore, Earle's official capacity claims against Madden, for which he seeks only money damages, must be dismissed. *See id*.

The Court now turns to Plaintiff's individual capacity claims against Madden. As for Earle's Eighth Amendment claim, he alleges Madden failed to properly supervise RJD staff regarding proper "transportation procedures" and failed to adequately respond to Earle's injury. *See* ECF No. 1 at 7. The Eighth Amendment imposes duties on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Under section 1983, however, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). A supervisor may be held liable in section 1983 suits when "culpable action, or inaction is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). To state a claim against a supervisor, a plaintiff must plausibly allege (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. City of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). To demonstrate a sufficient causal connection, "a plaintiff must show the supervisor breached a duty to [the] plaintiff which was the proximate cause of the injury." *Starr*, 652 F.3d at 1207.

Here, Plaintiff fails to allege any direct action (or inaction) on Madden's part as to the purported failure to properly secure Plaintiff's wheelchair. Earle does not, for instance,

claim Madden personally knew of the wheelchair incident when it happened; he states only that Madden is liable because, as RJD's warden, he was responsible for ensuring Earle's safety. *See* ECF No. 1 at 7. But a supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. *See Iqbal*, 556 U.S. at 677. That Madden has a supervisory role at the prison is not sufficient to plausibly allege he is personally liable for Earle's injury.[2] *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Therefore, Earle has failed to state an Eighth Amendment claim against Madden in his individual capacity.

As to Earle's Fourteenth Amendment claim, to the extent he sues Madden for the purported failure of RJD staff to properly process Earle's grievance, he fails to state a due process claim based on supervisory liability. *See Crowley*, 734 F.3d at 977 (stating supervisory officials are not liable for actions of subordinates on any theory of vicarious liability). And to the extent he seeks to hold Madden liable for failing to *personally* respond to his grievance in a satisfactory manner, he may not do so because a prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). In other words, prison officials are not required under federal law to process inmate grievances in a certain way.[3] As such, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation. *See, e.g., Evans v. Skolnik*, 637 F. App'x 285, 288 (9th Cir. 2015) (stating a prison official's denial of a

---

[2] To state an Eighth Amendment claim against an individual state actor who purportedly caused the injury, a plaintiff must plausibly allege (1) he suffered an objectively sufficiently serious deprivation and (2) the individual defendant(s) had a subjectively culpable state of mind in allowing or causing the deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).

[3] California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. *See* Cal. Code Regs. tit. 15, §§ 3084–3084.9 (2014).

grievance does not itself violate the constitution); *Towner v. Knowles*, No. S-08-cv-2823-LKK-EFB, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (finding allegations that prison officials screened out inmate appeals without any basis failed to indicate a deprivation of federal rights). Accordingly, Plaintiff has not stated a cognizable Fourteenth Amendment due process claim[4] against Madden based on the processing and/or denial of his inmate grievance. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### 3. Conclusion

In sum, Earle's claims against the State of California must be dismissed pursuant to Eleventh Amendment immunity. Moreover, Earle's Eighth or Fourteenth Amendment claims against Madden (as to both his official and individual capacity) must be dismissed for failure to state a claim. The Court therefore *sua sponte* dismisses the Complaint without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112.

**D.    Leave to Amend**

Given Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies

---

[4] Earle also references the Equal Protection Clause in his Complaint. *See* ECF No. 1 at 3, 11. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by either (1) showing defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or (2) showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601–02 (2008). Earle fails to allege he was treated differently from similarly situated inmates or that he is a member of a protected class. He states only that he was denied equal protection during the administrative grievance process. ECF No. 1 at 11. Such conclusory statements are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

of the complaint could not be cured by amendment.") (internal quote marks omitted).

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If

a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  June 29, 2023

_____
Honorable Barry Ted Moskowitz
United States District Judge